8235

LONG v. CUMMINGS.

1. REAL PROPERTY.—THE STATUTE OF LIMITATIONS OR ADVERSE POSSESSION does not begin to run against the heir of an ancestor against whom a judgment was obtained in his lifetime, in favor of a purchaser at a sale of his lands under such judgment after his death and during the minority of the heir, until the heir attains his majority.

2. JUDGMENTS—MAGISTRATE COURTS.—It is not necessary that the transcript of a judgment to the Circuit Court from a magistrate court should show affirmatively that the magistrate had acquired jurisdiction of the defendant.

Before DEVORE, J., Hampton, Summer term, 1911. Reversed.

Action by Pollie V. Long and Mary Lemaire against C. H. Cummings and C. W. Cummings. Defendants appeal.

*Messrs. W. S. Smith, W. B. de Loach* and *Thos. J. Kirkland,* for appellants. *Messrs. de Loach* and *Kirkland* cite: *Jurisdictional facts need not appear on transcript from magistrate court:* 28 S. C. 119; 17 S. C. 75. *Statute ran against the executor, the trustee of the heir:* 78 S. C. 143.

*Messrs. S. G. Varn* and *W. H. Townsend,* contra. *Mr. Townsend* cites: *Order refusing nonsuit will not be reversed*

*where lacking evidence is afterwards supplied by defendant:* 85 S. C. 223; 87 S. C. 404. *Plaintiffs were not estopped by offering judgment from showing its invalidity:* 13 Ency. Ev. 57; 1 Strob. 1; 22 S. C. 136. *Transcript from magistrate court must show jurisdiction:* 17 S. C. 80; 81 S. C. 428; 24 S. C. 401. *Findings as to service by Court below are binding here:* 87 S. C. 360, 404.

June 12, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an action to recover possession of a tract of land, which is claimed by plaintiffs as devisees under the will of their father, W. E. Altman, who died in 1890. The defendants claim from the same source, under a deed, dated May 4, 1891, made to their father, C. C. Cummings, by the sheriff of Hampton county, in pursuance of a sale of the land as the property of W. E. Altman, under an execution issued upon a transcript of a judgment rendered by a trial justice against W. E. Altman in favor of W. S. Tillinghast. Cummings took possession about the time of his purchase and retained possession, until his death, in 1896. Since then, the defendants have been in possession. At the time of the sale, the plaintiffs were infants of tender years and have but recently attained their majority. Hence, the defense of adverse possession cannot avail defendants.

Following is a copy of the transcript:

"Transcript of Judgment from Trial Justice's Court.

On action of defendant for professional services. Judgment in this action was rendered for plaintiff and against the defendant, June 22, 1889.

Recovery. . . ..............................$53 00
Costs. . . .............................. 4.55
Transcript fee................................ 25

$57 80

I hereby certify that the foregoing is a true and correct transcript from my docket of a judgment rendered by me. J. O'H. Sanders (L. S.), Trial Justice. Varnville, July 9, 1889."

The Circuit Court held that the transcript was null and void, because it did not appear affirmatively that the trial justice had acquired jurisdiction of the defendant, W. E. Altman, either by the service of process upon him, or by his appearance in the action, and gave judgment for the plaintiffs.

This ruling was in conflict with the decision in *Love* v. *Dorman, infra* 384, in which the Court, construing section 87 of the Code of Procedure, held that from the date of the receipt of a transcript by the clerk of the Circuit Court and the entry thereof in the abstract of judgments, it becomes a judgment of the Circuit Court, and is, therefore, entitled to the presumptions which attach to such a judgment, and that it cannot be collaterally attacked, except for jurisdictional defects appearing upon its face.

Judgment reversed.

Messrs. Justices Watts *and* Fraser *did not participate.*